Charles L. Coleman, III [SBN 65496]
David M. Gonden [SBN 154306]
HOLLAND & KNIGHT LLP
50 California Street, 28th Floor
San Francisco, California 94111
Telephone: (415) 743-6900
Facsimile:  (415) 743-6910

Attorneys for Defendant
BRIDGESTONE FIRESTONE NORTH
AMERICAN TIRE, LLC, successor to
BRIDGESTONE/FIRESTONE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION  - **E-FILING**

| | |
|---|---|
| JAIME ABONCE, | No. C 08-1767 HRL |
| Plaintiff, | |
| vs. | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| BRIDGESTONE/FIRESTONE, INC., | |
| Defendant. | |

Defendant Bridgestone Firestone North American Tire, LLC, successor to Bridgestone/Firestone, Inc. ("Firestone"), states as follows in answer to the Complaint of plaintiff Jaime Abonce ("Plaintiff") in this matter:

**GENERAL ALLEGATIONS**

1.  Firestone admits that Plaintiff has alleged causes of action against it, but denies each and every allegation of liability by Plaintiff.

2.  Firestone admits that Plaintiff's Complaint consists of four (4) pages.

3.  Firestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations.

4.  Firestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations.

5. Firestone admits that it is a limited liability company. Firestone denies any remaining allegations in this paragraph.

6. Firestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations.

7. No allegation is contained in this paragraph, and Firestone therefore makes no answer to this paragraph.

8. Firestone denies that its principal place of business is in Monterey County, California, and further denies the remaining allegations in this paragraph.

9. No allegation is contained in this paragraph, and Firestone therefore makes no answer to this paragraph.

10. Firestone admits that Plaintiff has alleged product liability claims against it, but denies each and every allegation of liability by Plaintiff.

11. Firestone denies the allegations in this paragraph.

12. No allegation is contained in this paragraph, and Firestone therefore makes no answer to this paragraph.

13. Firestone admits that this action is properly within the jurisdiction of this Court.

14. Firestone denies that Plaintiff is entitled to the relief requested in this paragraph, or to any relief whatsoever.

15. No allegation is contained in this paragraph, and Firestone therefore makes no answer to this paragraph.

## CAUSE OF ACTION - PRODUCTS LIABILITY

L-1. Firestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations.

L-2. Firestone denies each and every allegation in this paragraph.

L-3. Firestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT                    C- 08-1767 HRL

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

L-4.   Firestone denies each and every allegation in this paragraph, and in each of its subparts, to the extent such allegations are directed against Firestone. Firestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph directed against Does 1 to 10, and therefore denies those allegations.

L-5.   Firestone denies each and every allegation in this paragraph to the extent such allegations are directed against Firestone.  Firestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph directed against Does 1 to 10, and therefore denies those allegations.

L-6.   No allegation is contained in this paragraph, and Firestone therefore makes no answer to this paragraph.

L-7.   No allegation is contained in this paragraph, and Firestone therefore makes no answer to this paragraph.

## ADDITIONAL RESPONSE

To the extent any allegations against Firestone in Plaintiff's Complaint have not been admitted or denied above, they are hereby denied.

WHEREFORE, Defendant Bridgestone Firestone North American Tire, LLC, successor to Bridgestone/Firestone, Inc., respectfully requests that Plaintiff Jaime Abonce's Complaint be dismissed in its entirety with prejudice, as against Firestone, that Firestone be awarded its costs incurred in this action, and for such further relief as the Court deems proper.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
**(Failure To State a Cause of Action)**

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Firestone upon which relief can be granted.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: (415) 743-6900
Fax: (415) 743-6910

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

To the extent applicable, Firestone alleges that the claims contained in Plaintiff's Complaint may be barred by the statutes of limitation set forth in the California Code of Civil Procedure, commencing with Section 335 and continuing through Section 349.4, including, but not limited to, Sections 335.1, 338.1, 339, 340, 340.2 and 343.

## THIRD AFFIRMATIVE DEFENSE

### (Comparative Negligence)

Plaintiff was careless and negligent in the matters alleged in the Complaint and in each cause of action therein; this negligence proximately caused, in whole or in part, the damages alleged in the Complaint.  In the event that Plaintiff is entitled to any damages, the amount of these damages should be reduced or barred by the comparative fault of Plaintiff and any person whose negligent acts or omissions are imputed to him.

## FOURTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Any injury or damage that Plaintiff may have suffered as alleged in the Complaint was proximately caused by Plaintiff's knowing and voluntary assumption of the risk to the extent that he knew and appreciated the dangers and risk, if any, that may have been associated with the use of and exposure to the products referred to in the Complaint.  To the extent that Plaintiff voluntarily and with opportunity to do otherwise exposed himself to products, used products in disregard of known warnings and directions regarding their use, and failed to take known, reasonable and available means to care for his own safety, he assumed the risk of harm by such conduct, and Plaintiff's claims are therefore barred, in whole or in part.

///
///

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: (415) 743-6900
Fax: (415) 743-6910

## FIFTH AFFIRMATIVE DEFENSE

### (Negligence of Others)

Plaintiff's alleged injuries and damages were contributed to by the fault, neglect, and want of care of persons or parties other than Firestone for whose acts or omissions Firestone is not liable or responsible and over whom Firestone exercised no control, and any liability or responsibility for damages allegedly sustained by Plaintiff is thereby barred or, in the alternative, should be apportioned in accordance with applicable law.

## SIXTH AFFIRMATIVE DEFENSE

### (Intentional Acts of Others)

Plaintiff's alleged injuries and damages were contributed to by the intentional acts of persons or parties other than Firestone for whose acts or omissions Firestone is not liable or responsible and over whom Firestone exercised no control, and any liability or responsibility for damages allegedly sustained by Plaintiff is thereby barred or, in the alternative, should be apportioned in accordance with applicable law.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff is barred from any and all recovery under each and every alleged cause of action set forth in the Complaint, by virtue of the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure To Mitigate)

To the extent that Plaintiff failed to exercise reasonable care to mitigate the damages allegedly sustained, the amount of damages to which Plaintiff is entitled, if any, should be reduced by the amount of damages which Plaintiff should reasonably have mitigated.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff is barred from any and all recovery under each and every alleged cause of action set forth in the Complaint, by virtue of his conduct which constitutes an estoppel of said causes of action.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

As a result of Plaintiff's unreasonable delay in bringing this action, and without good cause therefore, in addition to other unreasonable acts and omissions, Plaintiff has waived one or more of the claims stated or purportedly stated in his Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Firestone alleges that Plaintiff is barred from any and all recovery under each and every alleged cause of action set forth in the Complaint, by virtue of the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (Contribution and Indemnity)

Firestone is entitled to indemnification, either in whole or in part, from all persons or entities whose negligence, fault, and/or strict liability proximately contributed to Plaintiff's damages, if any, should Plaintiff recover damages from Firestone.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Misuse of Product)

If Plaintiff was injured by any product manufactured or distributed by Firestone, those injuries occurred because Plaintiff or third parties unrelated to Firestone used the product for a purpose or in a manner other than that in which it was intended to be used and in disregard of warning instructions and directions regarding its use. Such conduct, which was reasonably unforeseeable to Firestone,

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

proximately caused and contributed to the damages, if any, which are the subject of this lawsuit.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Proposition 51)

The provisions of the "Fair Responsibility Act of 1986" (commonly known as Proposition 51, Civil Code §1431, *et seq*.) are applicable to this action, to the extent that Plaintiff's injuries and damages, if any, were proximately caused or contributed to by the carelessness, negligence, fault, or strict liability of persons or entities other than Firestone. Under these provisions, the liability, if any, of Firestone for non-economic damages shall be several only and shall not be joint. The amount of non-economic damages shall be allocated to Firestone in direct proportion to Firestone's percentage of fault, if any, and a separate and several judgment shall be rendered against Firestones for any non-economic damages.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Alteration of Product)

If Plaintiff was injured by any product manufactured or distributed by Firestone, those injuries occurred because Plaintiff or third parties unrelated to Firestone removed, modified, altered, abused and/or misused the product after the product left Firestone's control, and without Firestone's knowledge or consent, so that when Plaintiff was allegedly exposed to the product, it was significantly different from the one manufactured or distributed by Firestone. Firestone is not liable for Plaintiff's injuries, to the extent that Plaintiff was injured as a result of such alterations, modifications, abuse or misuse.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Intervening and Superseding Cause)

To the extent that any loss, injury or damage suffered by Plaintiff were proximately caused by the negligent or willful acts or omissions of third parties whom Firestone neither controlled nor had the right to control, and was not proximately

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

caused by any act, omission or other conduct of Firestone, such acts, omissions, or other conduct of third-parties constitute intervening or superseding causes of that loss, injury or damage allegedly suffered by Plaintiff, thereby precluding any liability on the part of Firestone.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(State of the Art)**

If Plaintiff was injured by any product manufactured or distributed by Firestone, Firestone is not liable for Plaintiff's alleged injuries or damages, because the product, when manufactured and distributed, conformed to the then current state of the art.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Sophisticated and Knowledgeable User)**

If Plaintiff was injured by any product manufactured or distributed by Firestone, such product was intended for and sold to a knowledgeable and sophisticated user over whom Firestone had no control and who was fully informed as to the risks and dangers, if any, associated with that product and the precautions, if any, required to avoid those risks and dangers.  Accordingly, Firestone had no duty to warn Plaintiff or further warn the knowledgeable user of the risks and dangers, if any, associated with the products.  Whatever injury, if any, that Plaintiff sustained was proximately caused by the failure of the knowledgeable user of the product to use it for the purpose and in the manner it was intended to be used and/or to provide adequate warnings and instructions concerning the dangers and risks, if any associated with it.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Conformity with Statutes, Regulations and Industry Standards)**

Firestone's products was manufactured, produced, supplied, sold and distributed in conformity with and pursuant to any applicable statutes, regulations, and industry standards based upon the state of knowledge existing at the time of the alleged activities.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT         C- 08-1767 HRL

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure To Join All Necessary Parties)

Plaintiff has failed to join all persons necessary for full and just adjudication of the purported causes of action asserted in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Workers' Compensation)

Firestone alleges on information and belief that Plaintiff Jaime Abonce claims worker's compensation benefits from his employer or its insurance carrier, that the injuries and damages complained of by Plaintiff were proximately caused and contributed to by the negligence of that employer, its agents, servants and employees, and that such administrative provision constitutes the sole and exclusive remedy for plaintiff or, in the alternative, if any award of damages, judgment or settlement is made in favor of Plaintiff Jaime Abonce against this defendant it should be reduced by the amount paid or to be paid in the future by Plaintiff Jaime Abonce' employer or its worker's compensation carrier.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

Firestone has not yet had an opportunity to conduct discovery in this case. Accordingly, Firestone reserves the right to assert any and all additional defenses, counter-claims or cross-claims as it may be revealed by further investigation and discovery.

Dated:  April 9, 2008          HOLLAND & KNIGHT LLP


/S/
David M. Gonden

Attorneys for Defendant
BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, successor to BRIDGESTONE/FIRESTONE, INC.

# 5256843_v2