1  Cheryl P. Weiner, #170178
   Neil P. Berman, #246637
2  **RUCKA, O'BOYLE, LOMBARDO & McKENNA**
   245 West Laurel Drive
3  Salinas, California 93906
   Telephone:    (831) 443-1051
4  Facsimile:    (831) 443-6419

5  Attorneys for Plaintiff,
6  **Jaime Abonce**

7  Charles L. Coleman III, # 65496
   David M. Gonden, #15430
8  **HOLLAND & KNIGHT LLP**
   650 California Street, 28th Floor
9  San Francisco, California 94111
   Telephone:    (415) 743-6900
10 Facsimile:    (415) 743-6910

11 Robert W. Vyverberg [admitted *pro hac vice*]
12 Troy D. Hoyt [admitted *pro hac vice*]
   HOLLAND & KNIGHT LLP
13 131 S. Dearborn St., 30th Floor
   Chicago, Illinois 60603
14 Telephone: (312) 263-3600
15 Facsimile: (312) 578-6666

16 Attorneys for Defendant,
   **Bridgestone Firestone North American Tire, LLC,**
17 **successor to Bridgestone/Firestone Inc.**

18

19                    **UNITED STATES DISTRICT COURT**

20                    **NORTHERN DISTRICT OF CALIFORNIA**

21                         **SAN JOSE DIVISION**

22

23 JAIME ABONCE,                          )  Case No: C 08-01767 HRL
                                          )
24                  Plaintiff,            )  **JOINT CASE MANAGEMENT**
                                          )  **CONFERENCE STATEMENT AND**
25 vs.                                    )  **FEDERAL RULES OF CIVIL**
                                          )  **PROCEDURE 26(f) REPORT**
26 BRIDGESTONE/FIRESTONE INC.             )
                                          )  **Honorable Jeremy Fogel**
27                  Defendant.            )
                                          )  CMC Date: July 25, 2008
28                                        )  CMC Time: 10:30am
   _____)

1    Pursuant to Federal Rule of Civil Procedure 26 and Northern District of California Civil

2    Local Rule 16-9, the parties, Plaintiff Jaime Abonce ("Plaintiff" or "Abonce) and Defendant

3    Bridgestone Firestone North American Tire, LLC, successor to Bridgestone/Firestone Inc.

4    ("Defendant" or "Firestone") submit the following joint Case Management Statement and Rule

5    26(f) Report.

6         1.    Jurisdiction and Service:  Plaintiff filed a Complaint in the Superior Court of the

7    State of California, County of Monterey, on October 5, 2007, for personal injuries sustained on

8    October 13, 2005.  Defendant removed the case to this Court under 28 U.S.C. §§ 1332 and 1441, on

9    the basis that there is complete diversity of citizenship between the parties and the amount in

10   controversy exceeds $75,000, exclusive of interest and costs.  The Notice of Renewal was filed on

11   April 2, 2008.  There are no remaining issues regarding personal jurisdiction or venue, and no other

12   parties remain to be served at this time.

13        2.    Facts:  Mr. Abonce was working for Waste Connections, Inc. at the time of his

14   injury, which occurred on October 13, 2005.  He was bent over putting air into a tire on a

15   Caterpillar scraper.  The tire was mounted on a multi-piece rim ("subject rim").  The subject rim

16   allegedly separated during the inflation of the tire causing injuries to Abonce, including the

17   breaking of both the tibia and the fibula of his right leg.  Abonce has undergone four surgeries since

18   the accident.

19        3.    Legal Issues:  It is too early in the case to present any definitive list of disputed legal

20   issues.  Plaintiff contends that he is entitled to recover compensatory damages from Defendant,

21   which were proximately caused by Defendant.  Defendant denies that it is liable to Plaintiff for any

22   damages or that Plaintiff's damages were proximately caused by products manufactured by

23   Defendant.  Defendant further contends that Plaintiff's injuries were caused by Plaintiff's

24   comparative negligence.  Defendant has pled a number of affirmative defenses to Plaintiff's claims,

25   which will be the subject of discovery between the parties.

26        4.    Motions:  There are not currently any outstanding motions.  The parties intend to file

27   pre-trial and *in limine* motions, and reserve the right to file any and all dispositive motions as the

28   facts and law may warrant.

1    5.    Amendment of Pleadings:  It is not expected at this time that any other parties or

2  claims will be added or dismissed.  However, the parties will be conducting discovery concerning

3  Plaintiff's accident, and have requested a deadline for amendment of pleadings and joinder of

4  additional parties.

5    6.    Evidence Preservation:  Plaintiff's employer, Waste Connections, Inc., is still in

6  possession of the subject rim, and has been instructed by Plaintiff's counsel not to dispose of or

7  alter the subject rim.  All documents related to this cause of action, including any electronically

8  stored information, if any, in Defendant's possession prior to the reasonable anticipation of

9  litigation have been and will be preserved.

10    7.    Disclosures:  The parties have exchanged initial disclosures pursuant to Federal

11  Rule of Civil Procedure 26(a)(1).

12  **INITIAL DISCLOSURES BY PLAINTIFF**

13  **Fed. R. Civ. Proc 26(a)(1)(a)**

14
15  John Stewart,
     Manager of Landfill Operations
16  Waste Connections, Inc.
     2650 John Smith Road
17  Hollister, CA 95023
     (831) 637-4515
18
19  **Subject of information:**  Knowledge regarding identification and use of subject Caterpillar
     scrapper, and Bridgestone/Firestone rim.

20
21  **Medical Providers-Knowledge of Plaintiff's Medical Treatment and Damages**

22  American Medical Response
     4701 Stoddard Road
23  Modesto, CA 95356
     (800) 424-6171
24
25  Hazel Hawkins Memorial Hospital
     911 Sunset Drive
26  Hollister, CA 95023
     (831) 636-2635
27

28

1  California Emergency Physicians
   P.O. Box 582663
2  Modesto, CA 95358
   (800) 340-1321
3
   South County Pain & Rehabilitation
4  7091 Monterey Street
5  Gilroy, CA 95020
   (408) 842-9296
6
   Hector L. Cervantes, D.P.M.
7  2114 McKee Road
8  San Jose, CA 95116
   (408) 272-2211
9
10 Santa Clara Valley Medical Center
   751 South Bascom Avenue
11 San Jose, CA 95128
   (408) 885-5920
12
13 Fritter & Schultz Physical Therapy
   1710 Memorial Dr Ste A
14 Hollister CA 95023
   (831) 637-8108
15
16 Scott Kantor, M.D.
   576 Hartnell Street, Suite 200
17 Monterey, CA 93940
   (831) 375-7740
18
19 Curt Comstock, M.D.
   5150 West Valley Professional Center
20 San Jose, CA 95129
   (408) 252-2375
21

22

23          **Documents- Fed. R. Civ. Proc., 26(a)(1)(B)**

24          (1)     Photographs of the subject scraper, tire, and rim.  These photographs are available

25 for inspection and in the possession of Rucka, O'Boyle, Lombardo & McKenna, 245 West Laurel

26 Drive, Salinas, CA 93906

27

28

1       (2)     Medical records and bills are in the possession of the attorney representing Mr.

2 Abonce's employer in the workers' compensation case.  They are located at Mullen & Filippi

3 (ATTN: William Olsen), 1870 N. Main Street, Suite 200, Salinas, CA 93906.

4       (3)     Wage-loss documentation is in the possession of the attorney representing Mr.

5 Abonce's employer in the workers' compensation case.  They are located at Mullen & Filippi

6 (ATTN: William Olsen), 1870 N. Main Street, Suite 200, Salinas, CA 93906.

7 **Computation of damages- Fed. R. Civ. Proc, 26(a)(1)(C)**

8      Plaintiff seeks economic damages consisting of medical expenses, wage loss, and lost future

9 earning capacity.  As of July 15, 2008, the Workers' Compensation lien was calculated to be

10 $207,783.61.

11      Plaintiff also seeks general damages.  Based upon the information available at this time

12 plaintiff seeks general damages of $500,000.  Costs and prejudgment interest are to be determined

13 according to proof.

14      Documents on which the damages computations are based are available for Defendant's

15 inspection and copying under Rule 34.

16 **Insurance- Fed. R. Civ. Proc, 26(a)(1)(D)**

17      It is believed that Bridgestone/Firestone, Inc. is self-insured.

18 **INITIAL DISCLOSURES BY FIRESTONE**

19      1.     The name, last known address and telephone number of each person known by a

20 party to have knowledge or information about the claims or defenses of any party to this action,

21 together with the subject of the knowledge or information.  Witnesses to be used solely for

22 impeachment need not be included:

23      RESPONSE:   Firestone identifies the following individuals at this time:

24       a.     Plaintiff Jaime Abonce

25               Current address unknown

26      Firestone anticipates that Plaintiff has knowledge concerning the events leading up to and

27 immediately following the subject accident, Plaintiff's medical and related treatment following the

28

1  subject accident, Plaintiff's work history prior to and following the subject accident, and chain-of-

2  custody issues.

3      b.    Unidentified employees of Waste Connections, Inc. ("WCI")
              Hollister, CA

4

5      Firestone anticipates that the above individuals may have knowledge concerning the

6  maintenance and servicing procedures used at WCI, the subject Caterpillar scraper and tire and rim

7  assembly, the use and service history of those products, any documents relating to the use and

8  servicing of those products and Plaintiff's employment, chain-of-custody issues, Plaintiff's work, the

9  actions of WCI employees immediately before, at the time of and following the subject accident,

10 and any medical treatment or benefits provided to Plaintiff prior to and following the subject

11 accident.

12     c.    Jan Hagan, R,N.
              Concentra Integrated Services
13            5000 Hopyard Road, #450
              Pleasanton, California  94522
14

15            Scott G. Kantor, M.D.
              Address unknown
16

17            Payam Tabrizi, M.D,
              Santa Clara Valley Medical Center
18            751 South Bascom Avenue
              San Jose, California  95128
19            (408) 885-5000

20
              Various EMT personnel
21            Investigating officers
              Additional treating physicians or therapists of Plaintiff
22            Current addresses unknown

23     Firestone anticipates that the above individuals may have knowledge concerning Plaintiff's

24 medical condition prior to and following the subject accident, care and treatment provided to

25 Plaintiff prior to and following the subject accident, and any investigations concerning the subject

26 accident.

27     d.    Dennis E. Whalen
              1200 Firestone Parkway
28            Akron, Ohio  44317

1       Mr. Whalen is an engineer currently employed by Bridgestone Americas Holding, Inc. He

2   has knowledge about the former truck rim manufacturing business of the Firestone Tire and Rubber

3   Company ("FTRC"), including information relating to rim design, warnings and instructional

4   information, proper servicing procedures, manufacturing practices, product testing, forensic

5   inspection, and all other aspects of the design, manufacture and field use of truck rims.

6       Firestone reserves its right to amend or supplement this list and/or to identify additional

7   witnesses throughout the course of discovery in this case.

8       2.    Make available for copying or inspection all documents, electronically stored

9   information, data compilations, and tangible things that are subject to the control of the disclosing

10  party that are relevant to the claims or defenses of any party to this action, unless it is to be used

11  solely for impeachment.

12      RESPONSE:  Based on the limited information it has received to date concerning the

13  subject accident, and the fact that Firestone has not yet inspected the subject rim components,

14  Firestone is not presently aware of any documents, electronically stored information, data

15  compilations, or tangible things relevant to the parties' claims or defenses.  Future discovery in this

16  case may reveal the relevance of certain documents, electronically stored information, data

17  compilations, or tangible things, which may include those identified below.

18      In the event a rim component manufactured by FTRC was involved in the subject accident,

19  potentially relevant documents and tangible items may be located in Akron, OH.  The nature of

20  these documents and items is such that they may be most efficiently described by separate

21  categories.

22      a.    Warning and instructional information relating to the servicing of truck tires and

23  rims, including wall charts, audio/visual materials, catalogs, manuals, fliers, and similar materials;

24

25      b.    OSHA Rim Servicing Regulation and related documentation, concerning the 1980 OSHA regulation and the 1984 amendment;

26      c.    Testing materials;

27      d.    Product design drawings;

28      e.    Demonstrative rim components;

f.   Demonstrative rim cross sections;

g.   Demonstrative tires and tire cross sections;

h.   Demonstrative tire servicing tools and equipment; and

i.   Demonstrative Tire and Rim Cutouts.

Firestone also anticipates that additional relevant documents may exist which have not yet been identified or produced in this case, including, but not limited to, the following:

j.   Any police or accident report relating to the subject accident;

k.   Documents relating to the purchase, servicing or maintenance of the subject vehicle or the subject tire and rim components;

l.   Employment records for Plaintiff; and

m.   Medical, treatment, physical therapy and rehabilitation records for Plaintiff.

Firestone reserves the right to amend or supplement this list and/or to identify or produce additional documents throughout the course of discovery in this case.

3.   Computations of each category of damages claimed by the disclosing party and make available for inspection and copying the non-privileged documents and other evidentiary material on which the computations are based and any other documents or materials that pertain to the nature and extent of the damages.

RESPONSE:   None at this time.  Firestone reserves the right to seek any and all damages and/or costs available under applicable law.

4.   Any insurance or indemnity policy that may cover any claims or defenses in this action or indemnify any party for some or all of any judgment rendered in this action:

RESPONSE:   Firestone is self-insured for purposes of this action.

8.   Discovery:  No discovery beyond the parties' Initial Disclosures has been conducted to date.  The parties plan to propound written discovery, including requests for production of documents, specially-prepared interrogatories, and requests for admissions.  The parties also plan to depose witnesses, including the parties themselves, third-party witnesses to the accident, and Plaintiff's treating physicians.  Also, the parties will conduct expert discovery.  The parties do not propose any limitations or modifications of the discovery rules.

1    9.    Class Actions:  Not applicable to this case.

2    10.    Related Cases:  There are no other related cases.  Plaintiff does have a pending

3    Workers' Compensation case.

4    11.    Relief:  Plaintiff seeks economic damages consisting of medical expenses, wage loss,

5    and lost future earning capacity.  As of July 15, 2008, the Workers' Compensation lien was

6    calculated to be $207,783.61.

7        Plaintiff also seeks general damages.  Based upon the information available at this time

8    Plaintiff seeks general damages of $500,000.00.  Costs and prejudgment interest are to be

9    determined according to proof.

10    12.    Settlement and ADR:  The parties have filed a joint ADR stipulation, in which they

11    agreed to private mediation.  The parties would like an ADR "return" date to be set sufficiently far

12    in the future to permit the parties to conduct any necessary discovery prior to mediation, as well as

13    to give the parties and proposed mediators some scheduling flexibility.

14    13.    Consent to Magistrate Judge for All Purposes:  The parties consent to the designation

15    of a magistrate judge for purposes of any hearings conducted concerning any discovery disputes.

16    14.    Other References:  None.

17    15.    Narrowing of Issues:  The parties are not presently aware of any potential issues that

18    could be narrowed by agreement.

19    16.    Expedited Schedule:  This case is not a candidate to be handled on an expedited

20    basis with streamlined procedures.

21    17.    Scheduling:  The parties propose the following discovery schedule:

22    a)    Exchange of Rule 26(a) Initial Disclosures: July 15, 2008

23    b)    Deadline for amendment of pleadings and joinder of additional parties:  December

24    22, 2008

25    c)    Deadline for disclosure of experts, with reports:  February 9, 2009

26    d)    Deadline for expert depositions:  June 15, 2009

27    e)    Discovery closes:  July 13, 2009

28    f)    Dispositive motions filed:  July 27, 2009

1    g)    Pretrial conference: <u>October 7, 2009</u>

2    h)    Trial: <u>October 19, 2009</u>

3    18.    <u>Trial:</u>    The parties request a jury trial.  The parties expect the trial to last for three to

4    five days.

5    19.    <u>Disclosure of Non-Party Interested Entities or Persons:</u>    Both parties have filed

6    the "Certification of Interested Entities or Persons."  Their respective disclosures are restated

7    below:

8    **For Plaintiff:**

9    Plaintiff Jaime Abonce was injured in the course and scope of his employment with Waste

10   Connections, Inc.  The workers' compensation insurance carrier for Mr. Abonce's employer,

11   E.S.I.S., has a lien in this matter for benefits paid.

12   **For Defendant:**

13   Bridgestone Americas Holding, Inc. is the sole member of Bridgestone Firestone North

14   American Tire, LLC, holding all ownership interest.  Bridgestone Americas Holding, Inc. is a

15   wholly owned subsidiary of Bridgestone Corporation.  Bridgestone Corporation is a Japanese

16   corporation that is publicly traded in Japan.

17   Dated: July 17, 2008        RUCKA, O'BOYLE, LOMBARDO & McKENNA

18
                                 By:    _____/S/_____
19                                       Cheryl P. Weiner
                                         Neil P. Berman
20                                       Attorneys for Plaintiff,
                                         **Jaime Abonce**
21

22   Dated: July 17, 2008        **HOLLAND & KNIGHT LLP**

23
                                 By:    _____/S/_____
24                                       David M. Gonden
                                         Attorneys for Defendant,
25                                       **Bridgestone Firestone North American Tire, LLC,**
                                         successor to Bridgestone/Firestone Inc.
26   # 5484142_v2

27

28